SHOWA LAW OFFICE, LLLC

ANDREW DAISUKE STEWART  7810-0
735 Bishop Street, Suite 318
Honolulu, Hawaii 96813
Tel. (808) 772-9297
Fax. 1 (866) 772-9407
Attorney for Plaintiff
GUILLERMO HERNANDEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GUILLERMO HERNANDEZ; | Civil No. 1:20-cv-00391 |
| Plaintiff, | |
| vs. | COMPLAINT; SUMMONS; DEMAND FOR JURY TRIAL |
| BENCHMARK BEHAVIORAL HEALTH SYSTEM, INC., a Utah Corporation; LINDA ALVIOR, Individually; DOE DEFENDANTS 1 -20; DOE CORPORATIE ENTITIES 1-20, | |
| Defendants. | |

**<u>COMPLAINT</u>**

Comes now Plaintiff, GUILLERMO HERNANDEZ, by and through his attorney, SHOWA LAW OFFICE, LLLC, and hereby files this Complaint, and alleges and avers the following causes of action against Defendant BENCHMARK BEHAVIORAL HEALTH SYSTEM, INC; LINDA ALVIOR; DOE DEFENDANTS 1 -20; and

DOE CORPORATE ENTITIES 1-20 (hereinafter collectively "Defendants").

## THE PARTIES

1. Plaintiff GUILLERMO HERNANDEZ ("Plaintiff") is and was at all times relevant a resident of Hawaii and was employed by Benchmark Behavioral Health System, Inc.

2. Defendant Benchmark Behavioral Health System, Inc. ("Defendant Benchmark") is and was at all times relevant a corporation incorporated in the State of Utah and operating a facility located at 2501 Waimano Home Road, Honolulu, Hawaii (hereinafter the "Facility") for treating and housing sexually and/or physically abused youth.

3. Defendant Linda Alvior ("Defendant Alvior") is and was at all times relevant an employee of Defendant Benchmark and was Plaintiff's co-worker.

4. DOE DEFENDANTS 1 – 20 and DOE CORPORATE ENTITIES 1 - 20 (collectively referred to herein as "DOE DEFENDANTS" or "other presently unidentified Defendants) are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Plaintiff except that they are connected in some manner with Defendants or were

2

the agents, principals, partners, officers, directors, members, servants, employees, employers, representatives, co-venturers, associates, consultants, vendors, suppliers, manufacturers, subcontractors, contractors, sureties, insurers, owners, lessees, sublessees, lessors, guarantors, assignees, assignors, licensees or licensors of Defendants or were in some manner presently unknown to Plaintiff, engaged in the activities alleged herein, or were in some manner responsible for the injuries and damages to Plaintiff, or conducted some activity or activities in a negligent or wrongful manner which was a proximate cause of the injuries and damages to Plaintiff, and Plaintiff prays for leave to certify the true names, identities, capacities, activities, and responsibilities of DOE DEFENDANTS when the same are ascertained.

## JURISDICTIONAL STATEMENT

5. This Honorable Court has federal subject matter jurisdiction over the subject matter of the within action pursuant to 28 U.S.C. Section 1331 as certain claims in the present lawsuit arise out of the Title VII of the Civil Rights Act of 1964 and the Family and Medical Leave Act of 1993. This Honorable

Court has supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. Section 1331.

6. To the extent that Defendant Benchmark had Plaintiff sign an arbitration agreement, said arbitration agreement is unenforceable due to unconscionability.

7. The U.S. District Court of Hawai'i is the appropriate venue for this action inasmuch as the causes of action alleged herein accrued in the State of Hawai'i.

## FACTUAL ALLEGATIONS

8. Plaintiff began working as a Behavioral Health Specialist for Defendant Benchmark in Honolulu, Hawaii, in September 2018.

9. In May 2019, Plaintiff complained to his, then-supervisor, Sherelie Lacson, about her alleged inappropriate touching of young male patients, at which time Lacson became defensive, aggressive, and threatened to "write him up" for insubordination

10. Subsequently, Plaintiff reported Lacson's alleged unlawful behavior to Defendant Benchmark's Human Resources Department.

11. In June 2019, Case Manager "Deann", filed a fabricated grievance against Plaintiff for alleged misconduct, which purportedly occurred on the same day Plaintiff complained to Lacson about her alleged inappropriate and alleged unlawful behavior involving touching of young male patients.

12. On or about June 26, 2019, Defendant Alvior intentionally touched/slapped Plaintiff's buttocks and called him a "bad boy" while performing a CPR demonstration on him, without his consent in the presence of co-workers.

13. On or about July 5, 2019, Defendant Benchmark placed Plaintiff on an "Employee Performance Improvement Plan (EPIP)" for no legitimate reason.

14. Plaintiff complained to the Human Resources Department that Defendant Benchmark and Lacson were retaliating against him for reporting Lacson's alleged inappropriate and alleged unlawful behavior involving touching of young male patients and about Defendant Benchmark's obligations to report such incidents to Child Protective Services, pursuant to Hawaii Revised Statutes, Chapter 350.

15. On or about August 1, 2019, Defendant Benchmark's Executive Director Stephen Blotzke began subjecting Plaintiff to unwarranted scrutiny and reprimand on multiple occasions.

16. In late August 2019, Plaintiff reported Defendant Alvior's inappropriate slapping of his buttocks to Director of Nursing, Wendy Camara, who then referred the complaint to Human Resources, Manager, Sherri Freeman, as well as to Blotzke.

17. After Plaintiff reported Alvior for slapping his buttocks, Blotzke and Freeman interviewed Plaintiff about the incident, during which time they expressed disapproval about the fact that Plaintiff had reported the incident; Defendant Benchmark subsequently never took any corrective action regarding the June 26, 2019 incident involving Alvior slapping Plaintiff's buttocks.

18. On or about September 6, 2019, Blotzke approached Plaintiff and asked him what religion he was.

19. Plaintiff responded that he was uncomfortable discussing his personal religious beliefs with Blotzke, at which time Blotzke, unsolicited, proceeded to share his religious beliefs and experiences with Plaintiff.

20. Blotzke made Plaintiff believe that his job security depended on agreeing or not disagreeing with Blotzke's religious beliefs.

21. On the same day, on or about September 6, 2019, Blotzke asked Plaintiff, in the presence of co-workers, what Plaintiff's ethnicity was, to which Plaintiff responded "Mexican" and asked Blotzke whether his ethnicity had any implications as it related to Plaintiff's position with Defendant Benchmark.

22. On or about September 11, 2019, Plaintiff reported the September 6, 2019 incident, involving Blotzke, to the Human Resources Department, which summarily dismissed Plaintiff's concerns, without an investigation, stating that Blotzke was simply trying to get to know Plaintiff.

23. On September 18, 2019, Plaintiff found a poster at the Facility with caricatures of Mexican food, which referenced burritos, which appeared to be designed to target Plaintiff's Mexican heritage, given that Blotzke had just asked Plaintiff about his ethnicity on or about September 6, 2019.

24. On or about October 18, 2019, after Plaintiff contacted the Human Resources Department about taking leave, pursuant

to the federal Family Medical Leave Act, Defendant Benchmark placed him on suspension.

25. On October 25, 2019, Benchmark terminated Plaintiff's employment.

26. On August 11, 2020, the Equal Employment Opportunity Commission issued Plaintiff a Notice-of-Right-to-Sue Defendant Benchmark.

## COUNT I

## UNLAWFUL DISCRIMINATION IN VIOLATION OF 42 U.S. CODE § 2000E–2 & HRS SECTION 378-2

27. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

28. Defendant Benchmark subjected Plaintiff to unlawful discrimination in violation of the Title VII of the Civil Rights Act of 1964 and Hawaii Employment Practices Act, Chapter 378 by subjecting him to a hostile work environment on account of his gender, religion, and/or ethnicity, as well as unwanted physical touching by Defendant Alvior, for which no corrective action was ever taken.

29. As a result of the unlawful discrimination and harassment Plaintiff was subjected to by Defendants, Plaintiff has incurred damages in amounts to be proven at trial.

## COUNT II

## RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY IN VIOLATION OF 42 U.S. CODE § 2000E–2 & HRS SECTION 378-2

30. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

31. On or about July 5, 2019, Defendant Benchmark placed Plaintiff on an "Employee Performance Improvement Plan (EPIP)" for no legitimate reason in retaliation for reporting the June 26, 2019 incident, wherein Alvior slapped Plaintiff's buttocks.

32. On or about August 1, 2019, Blotzke began subjecting Plaintiff to unwarranted scrutiny and reprimand on multiple occasions in retaliation for reporting the June 26, 2019 incident, wherein Alvior slapped Plaintiff's buttocks.

33. On or about September 11, 2019, Plaintiff reported the September 6, 2019 incident, involving Blotzke, whereby Blotzke

questioned Plaintiff about his ethnicity and religion, to the Human Resources Department.

34. On or about October 18, 2019, Defendant Benchmark suspended Plaintiff in retaliation for reporting the June 26, 2019 incident, wherein Defendant Alvior slapped Plaintiff's buttocks, as well as in retaliation for reporting the September 6, 2019 incident, involving Blotzke, whereby Blotzke questioned Plaintiff about his ethnicity and religion,

35. On or about October 25, 2019, Defendant Benchmark terminated Plaintiff in retaliation for reporting the June 26, 2019 incident, wherein Defendant Alvior slapped Plaintiff's buttocks, as well as in retaliation for reporting the September 6, 2019 incident, involving Blotzke, whereby Blotzke questioned Plaintiff about his ethnicity and religion,

36. As a result of the above-described unlawful retaliation Plaintiff was subjected to by Defendant Benchmark, Plaintiff incurred damages in amounts to be proven at trial.

## COUNT III

## VIOLATION OF HRS SECTION 378-62

## (HAWAII WHISTLE-BLOWER PROTECTION ACT)

37. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

38. In May 2019, Plaintiff complained to his, then-supervisor, Sherelie Lacson, about her inappropriate touching of young male patients in violation of Hawaii Revised Statutes Chapter 350, as well as, violation of Defendant Benchmark's applicable reporting requirements under the statute.

39. Subsequently, Plaintiff reported Lacson and Defendant Benchmark's unlawful behavior arising out of Hawaii Revised Statutes Chapter 350 to Defendant Benchmark's Human Resources Department.

40. Through its case manager, Defendant Benchmark filed a fabricated grievance against Plaintiff for alleged misconduct, for reporting Lacson's inappropriate touching of young male patients in possible violation of Hawaii Revised Statutes Chapter 350, as well as, possible violation of Defendant Benchmark's applicable reporting requirements under the statute.

41. Defendant Benchmark suspended Plaintiffs employment on or about October 18, 2019 for reporting Lacson's alleged inappropriate touching of young male patients in possible violation of Hawaii Revised Statutes Chapter 350, as well as, possible violation of Defendant Benchmark's applicable reporting requirements under the statute.

42. Defendant Benchmark terminated Plaintiffs employment on or about October 24, 2019 for reporting Lacson's alleged inappropriate touching of young male patients in possible violation of Hawaii Revised Statutes Chapter 350, as well as, possible violation of Defendant Benchmark's applicable reporting requirements under the statute.

43. As a result of the above-described unlawful discharge and/or discrimination Plaintiffs were subjected to by Defendant Benchmark, Plaintiffs incurred damages in amounts to be proven at trial.

## COUNT IV

## UNLAWFUL TERMINATION IN CONTRAVENTION OF PUBLIC POLICY

44. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

45. Employer's termination of Plaintiff as retaliation for Plaintiff reporting unlawful activity contravenes Hawaii's public policy in favor of protecting the physical and mental welfare of minors.

46. As a result of the unlawful discharge described above, Plaintiffs have incurred damages in amounts to be proven at trial.

## COUNT V

## VIOLATION OF FAMILY MEDICAL LEAVE ACT (29 U.S.C. Chapter 28)

47. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

48  On or about October 18, 2019, after Plaintiff contacted the Human Resources Department about taking leave, pursuant to the FMLA, Defendant Benchmark suspended Plaintiff's employment.

49. On October 25, 2019, Benchmark terminated Plaintiff's employment less than a week after Plaintiff had inquired about taking leave, pursuant to the FMLA

50. As a proximate and substantial cause of Defendant Benchmark's violation of FMLA, Plaintiff has suffered damages in an amount to be proven at trial.

## COUNT VI

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

51. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

52. Defendant Alvior's conduct of slapping Plaintiff on the buttocks while calling him a "bad boy" in front of his co-workers, while performing a CPR demonstration was intentional, reckless, and outrageous.

53. Defendant Avlior's intentional, reckless, and outrageous conduct caused extreme emotional distress to Plaintiff.

54. As a result of Defendant Avlior's outrageous conduct, Plaintiff has incurred damages in amounts to be proven at trial.

## COUNT VII – ASSAULT

55. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs

56. Defendant Alvior intentionally caused Plaintiff reasonable apprehension of an immediate and/or harmful contact by raising her arm to slap his buttocks.

57. As a proximate and substantial cause of Defendant Alvior's assault, Plaintiff has suffered damages in an amount to be proven at trial.

## COUNT VIII – BATTERY

58. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

59. Defendant Alvior intentionally caused Plaintiff harmful and offensive contact by intentionally touching his buttocks without his consent.

60. As a proximate and substantial cause of Defendants Alvior's battery, Plaintiff has suffered damages in an amount to be proven at trial.

## PUNITIVE DAMAGES

61. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

62. By engaging in the above-described actions, Defendants acted wantonly or oppressively, or with such malice, as implies a spirit of mischief or criminal indifference to civil obligations or with that entire want of care which would raise the presumption of a conscious indifference to consequences.

63. As a result of Defendants' aforementioned conduct, Plaintiff is entitled to punitive damages in amounts to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered in its favor against all Defendants as follows:

A. For judgment in its favor on each and every count as alleged against the Defendants claimed herein, and presently unidentified Defendants, jointly and/or severally, in the type of relief or amount of damage set forth therein of for such amount as may be proven at trial.

B. For special damages against Defendants and presently unidentified Defendants, and each of them, jointly and severally, in an amount to be proven at trial, including but not limited to, back pay and front pay.

C. Plaintiff be awarded further special, general, and/or consequential damages.

D. Punitive damages as may be proven at trial.

E. Plaintiff be awarded all costs of suit, including reasonable attorney's fees and costs, interest, all costs of

investigation, and such other and further relief as the Court deems equitable in the premises.

DATED: Honolulu, Hawaii, September 15, 2020

*/s/ Andrew Daisuke Stewart*

_____
ANDREW DAISUKE STEWART
SHOWA LAW OFFICE, LLLC

Attorney for Plaintiff
GUILLERMO HERNANDEZ